UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANDREW WETZEL**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 17-3559**

**JERRY GOODWIN**                                    **SECTION: "N"(1)**

REPORT AND RECOMMENDATION

Petitioner, Andrew Wetzel, is a state prisoner incarcerated at the David Wade Correctional Center in Homer, Louisiana.  In case number 450459 on the docket of the Louisiana Twenty-Second Judicial District Court, he pleaded guilty to the following crimes in May of 2009:  simple burglary; issuing worthless checks; and injury to public records.  He subsequently filed a federal application seeking habeas corpus relief with respect to those convictions.  That application was dismissed without prejudice because he had not exhausted his remedies in the state courts.  Wetzel v. Foti, Civ. Action No. 09-7449, 2010 WL 282783 (E.D. La. Jan. 21, 2010).  In 2013, he then filed another federal habeas corpus application.  That application was dismissed with prejudice because his claims were procedurally barred, Wetzel v. LeBlanc, Civ. Action No. 13-5799, 2014 WL 556737 (E.D. La. Feb. 11, 2014), and the United States Fifth Circuit Court of Appeals thereafter denied his related motion for a Certificate of Appealability, Wetzel v. LeBlanc, No. 14-30174 (5th Cir. May 11, 2015).

Petitioner has now filed the instant "Motion for Leave of Court to Proceed as a Sanctioned Plaintiff," Rec. Doc. 1, seeking permission to file a new federal habeas corpus application to challenge the aforementioned convictions.  It appears that the sanction to which he refers was

imposed by the United States Fifth Circuit Court of Appeals in Case No. 14-30370 due to his "history of frivolous, repetitive, and abusive filings." In that case, the Court of Appeals held:

> Wetzel is ORDERED to pay a sanction in the amount of $200 to the Clerk of this Court. Wetzel is BARRED from filing *any pleading* in this court or *in any court* subject to this court's jurisdiction challenging *any conviction or sentence* until all sanctions have been paid in full, unless he first obtains leave of the court in which he seeks to file such a challenge.

Wetzel v. Goodwin, No. 14-30370 (5th Cir. Apr. 8, 2015) (emphasis added). According to the Clerk of the United States Fifth Circuit Court of Appeals, that sanction has not yet been paid. Therefore, leave of court is required before the proposed habeas corpus application may be filed. For the following reasons, leave of court should be **DENIED**.

Because petitioner's previous habeas corpus application challenging these convictions was dismissed with prejudice, the proposed new application would be a second or successive petition as described by 28 U.S.C. § 2244. However, **before** a petitioner may file a second or successive petition, he must seek and obtain authorization for the filing from the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). Until such time as a petitioner obtains such authorization, a district court lacks jurisdiction to entertain a second or successive petition. See, e.g., Castillo v. McCain, Civ. Action No. 15-2376, 2017 WL 1232444, at *2 (E.D. La. Feb. 9, 2017), adopted, 2017 WL 1211610 (E.D. La. Apr. 3, 2017); Holts v. Cain, Civ. Action No. 15-4584, 2016 WL 346898, at *3 (E.D. La. Jan. 8, 2016), adopted, 2016 WL 301815 (E.D. La. Jan. 25, 2016), certificate of appealability denied, No. 16-30129 (5th Cir. Apr. 25, 2017).

Here, petitioner has not sought and obtained the authorization required by 28 U.S.C. § 2244. This Court would therefore lack jurisdiction to entertain the proposed pleading, and so leave

of court for its filing would be futile and should be denied.  If petitioner wishes to seek such leave, he should do so from the United States Fifth Circuit Court of Appeals.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the instant "Motion for Leave of Court to Proceed as a Sanctioned Plaintiff," Rec. Doc. 1, be **DENIED** and that this matter be **CLOSED** by the Clerk of Court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___24th___ day of October, 2017.

                                                                              _____
                                                                              **JANIS VAN MEERVELD**
                                                                              **UNITED STATES MAGISTRATE JUDGE**